# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN K. TOSCANO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | 1:16-cv-01551-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING THE APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 3) |

　　　　Plaintiff Benjamin K. Toscano ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 3, 2016, in the United States District Court for the Northern District of California. (ECF No. 1). This action was subsequently transferred to this district court on October 14, 2016. (ECF No. 5.)

　　　　Currently before the Court is Plaintiff's motion for the appointment of counsel, filed on October 3, 2016. (ECF No. 3.) In support, Plaintiff states that he is unable to afford counsel, and he cites some legal authorities.

　　　　Plaintiff does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in

1

1. certain exceptional circumstances the Court may request the voluntary assistance of counsel
2. pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. Without a reasonable method of securing
3. and compensating counsel, the Court will seek volunteer counsel only in the most serious and
4. exceptional cases. In determining whether "exceptional circumstances exist, the district court
5. must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to
6. articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id</u>. (internal
7. quotation marks and citations omitted).
8.     In the present case, the Court does not find the required exceptional circumstances. Even
9. if it is assumed that Plaintiff is not well versed in the law and that he has made serious
10. allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is
11. faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court
12. cannot find any likelihood of success on the merits. Plaintiff's complaint has not yet been
13. screened as required, and thus the case does not yet proceed on any cognizable claims. Also,
14. based on a review of the limited record in this case, the court does not find that Plaintiff cannot
15. adequately articulate his claims. Thus, the Court does not find this to be a serious and
16. exceptional case necessitating the appointment of counsel at this time.
17.     Accordingly, it is HEREBY ORDERED that Plaintiff's motion for the appointment of
18. counsel (ECF No. 3) is DENIED, without prejudice.
19.
20. IT IS SO ORDERED.
21.
22.     Dated:   **October 18, 2016**                    /s/ *Barbara A. McAuliffe*
                                                                                    UNITED STATES MAGISTRATE JUDGE