# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN K. TOSCANO,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No. 1:16-cv-01551-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 18)<br><br>**FOURTEEN-DAY DEADLINE** |

### **Findings and Recommendations**

Plaintiff Benjamin K. Toscano ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. The action was transferred to this Court on October 14, 2016. (ECF No. 5.) On December 13, 2017, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 17.) Plaintiff's first amended complaint, filed on January 16, 2018, currently before the Court for screening.

Pursuant to the issuance of the instant screening order, Plaintiff's motion to have case heard, (ECF No. 16), is denied as moot.

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently incarcerated at Pelican Bay State Prison in Crescent City, California. The events in the amended complaint appear to have occurred while Plaintiff was incarcerated at Corcoran State Prison, in Corcoran, California. Plaintiff names the following defendants: (1) CDC Director Scott Kernan; (2) Appeals Coordinator D. Goree, Jr.; (3) Appeals Coordinator M. Oliveria; (4) Appeals Coordinator K. Cribbs; and (5) Chief Appeals Officer M. Voong.

Plaintiff alleges that Defendants Goree, Oliveria, and Cribbs have repeatedly interfered with his right to appeal violation imposed on him by withholding, rejecting and cancelling various appeals. These defendants cite to Title 15 § 3084.1(f) regarding the submission of one (1) appeal every fourteen (14) days. Even when Plaintiff submits appeals fourteen days after their initial

2

filing, the appeals coordinators continuously prevented them from being processed.

On September 8, 2016, Plaintiff received a CDC 128 from Defendant Goree, threatening to put him on appeal restriction and keeping all of his appeals so they cannot be heard and a campaign of harassment, retaliation and conspiracy to commit assault/murder of Plaintiff could be carried out. Plaintiff asserts that keeping his appeals violated his First, Eighth and Fourteenth Amendment rights, making the appeal system unavailable and allowing prison officials to continue to harass, threaten and file false disciplinary reports. For instance, Plaintiff alleges that he received a fabricated Rules Violation Report ("RVR") from Correctional Counselor D. Patterson, which was issued using an obsolete memorandum that had been revised. To prevent the appeal on this RVR, the appeals coordinators kept the appeal to cover up the violations in the fabricated RVR.

On September 21, 2016, Defendant Goree and Ms. Doe, who refused to identify herself, issued to Plaintiff a memo dated September 20, 2016, from the third level of appeals Chief Officer M. Voong. This memo put Plaintiff on appeal restriction for one (1) year.

On September 21, 2016, Plaintiff received a CDC 695 rejection form dated September 16, 2016, stating that the appeals coordinators were keeping his appeal #5-16-04587, which Plaintiff believes to be his appeal regarding the false RVR.

Plaintiff contends that his First Amendment rights were violated because defendants prevented him from exhausting his appeals by withholding, rejecting and cancelling those appeals. He seeks the following relief:

1. Declaratory statement that CDC and its officers and Title 15 violated Plaintiff's First, Eighth, and Fourteenth Amendment rights;
2. Declaratory statement that CDC Title 15, § 3084.1(f) violates Plaintiff's First Amendment right to appeal violations as they occur;
3. An injunction ordering Defendant Kernan to remove the entirety of Title 15, § 3084.1(f) and § 3084.4 from Title 15;
4. An injunction ordering CDC officials to process and respond to Plaintiff's appeals;
5. The costs of this suit;

3

6. Reasonable attorney fees; and

7. For any other relief the Court deems necessary and appropriate.

**III.      Discussion**

Although Plaintiff references the First, Eighth, and Fourteenth Amendments, his amended complaint is predicated upon the processing and cancellation of his inmate appeals. Plaintiff specifically challenges the CDCR regulation that limits inmates to filing "one appeal every 14 calendar days unless the appeal is accepted as an emergency appeal." Cal. Code Regs., tit. 15 § 3084.1(f). Plaintiff claims that the regulation violates his First Amendment right to appeal any violations as they occur, and allows officials to continue to harass, threaten, and file disciplinary reports.

As Plaintiff previously was advised, he cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.19 88). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); see also Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). Denial or refusal to process a prison grievance is not a constitutional violation. Rushdan v. Gear, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018) Accordingly, Plaintiff fails to state a cognizable claim arising out of the screening or processing of his grievances.

Insofar as Plaintiff alleges that the improper processing or holding of his grievances prevented him from accessing the courts, his allegations are not sufficient to state a claim. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, in order to state a claim for the denial of court access, a prisoner must establish that he suffered an actual injury. Id. at 349. "[A]ctual injury [is] actual prejudice with

respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." Id. at 348. Here, Plaintiff has not adequately alleged that he suffered any actual prejudice with respect to contemplated or existing litigation. There is nothing in Plaintiff's amended complaint to suggest that he could not pursue civil rights claims regarding his conditions of confinement and related disciplinary proceedings despite the inability to have his grievances processed. Although prisoners are required to exhaust their administrative remedies prior to bringing suit pursuant to 42 U.S.C. § 1997e(a), such exhaustion may be excused where administrative procedures were effectively unavailable, prison officials obstructed attempts to exhaust, or the plaintiff was prevented from exhausting because procedures for processing grievances were not followed. See Sapp v. Kimbrell, 623 F.3d 813, 822-24 (9th Cir. 2010).

### IV. Conclusion and Order

Plaintiff's amended complaint fails to state a cognizable claim for relief under section 1983. The deficiencies in his complaint cannot be cured by amendment and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 19, 2018**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE